**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | No. 5:19-cr-00061 |
| | : | |
| RAYQUAN KHALID NEWTON, | : | |
| Defendant. | : | |

**O P I N I O N**
**Motion for Reduction of Sentence, ECF No. 28 - Denied**

**Joseph F. Leeson, Jr.**                                                              **December 5, 2022**
**United States District Judge**

I.       **INTRODUCTION**

Defendant Rayquan Rashid Newton, who is serving a 37-month sentence for possession

of a firearm by a felon, has filed a motion for compassionate relief pursuant to 18 U.S.C. §

3582(c)(1)(A) based on the allegedly harsher conditions created by the coronavirus pandemic.

The Government opposes release.  For the reasons set forth below, the motion is denied.

II.      **BACKGROUND**

On January 29, 2019, Newton was charged by Indictment with possession of a firearm by

a felon in violation of 18 U.S.C. § 922(g)(1), to which he pled guilty.  On October 3, 2019, he

was sentenced to a term of thirty-seven (37) months imprisonment followed by three (3) years of

supervised release.

On October 11, 2022, Newton filed a Motion for Reduction of Sentence seeking

compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  Mot., ECF No. 28.  Newton, who

does not allege to suffer from any medical condition, argues that the prison conditions created by

the coronavirus pandemic, including restrictive movements, limited visitation, and fear of

contracting COVID-19, are extraordinary and compelling reasons for a reduction in his sentence. *See id.* He further submits that he no longer poses a threat to society in light of his rehabilitation efforts. *See id.*

The Government opposes the Motion, requesting that it be summarily denied because Newton does not present an "extraordinary and compelling reason" for compassionate release. *See* Resp., ECF No. 31. The Government highlights that Newton is twenty-six (26) years old, in good health, presents no chronic medical conditions, takes no prescription medication, and refused the Pfizer vaccine. *See id.* Further, the Government argues, the conditions for which Newton seeks a reduction are not unique to him, but faced by all inmates. *See id.*

## III.    LEGAL STANDARD

The First Step Act empowers criminal defendants to request compassionate release with the court after first complying with the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A).[1] This section dictates that the defendant must first move for compassionate release with the Bureau of Prisons ("BOP"), which then has thirty days to consider the request. *See United States v. Raia*, 954 F.3d 594, 595-97 (3d Cir. 2020) (holding that the risks COVID-19 poses in the federal prison system do not excuse the exhaustion requirement).

Once a defendant satisfies the exhaustion requirement, the court may reduce a term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) if it finds that "extraordinary and compelling reasons warrant such a reduction;. . . the defendant is not a danger to the safety of any other person or to the community;" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *See* 18 U.S.C. §

---

[1]    Section 3582(c) is actually part of the Sentencing Reform Act of 1984 ("SRA"), but was amended by the First Step Act to provide prisoners a more direct route to court for their claims. *See United States v. Torres*, No. 18-414, 2020 WL 3498156, at *6 (E.D. Pa. June 29, 2020).

3582(c)(1)(A) and 18 U.S.C. Appx. § 1B1.13.[2]  "Rehabilitation of the defendant alone shall not

be considered an extraordinary and compelling reason."  28 U.S.C. § 994(t).  Further, "the mere

existence of COVID-19 in society and the possibility that it may spread to a particular prison

alone cannot independently justify compassionate release, especially considering BOP's

statutory role, and its extensive and professional efforts to curtail the virus's spread."  *Raia*, 954

F.3d at 597.

## IV.    ANALYSIS

Initially, the Court finds that Newton has satisfied the exhaustion requirement by first

seeking compassionate release with the BOP.

Newton has completely failed to show an "extraordinary and compelling" reason

warranting a reduction.  The allegedly harsher conditions of confinement, such as restrictive

movement and limited visitation, following the coronavirus pandemic impact all inmates and do

not warrant special treatment for Newton.  *See United States v. Hernandez*, No. 5:13-cr-00200,

2022 U.S. Dist. LEXIS 56311, at *14 (E.D. Pa. Mar. 28, 2022) (Leeson, J.) (holding that "the

prison conditions created by the coronavirus pandemic do not present an extraordinary and

compelling reason to reduce [a particular inmate's] sentence"); *United States v. Everett*, No.

2:12-cr-162, 2021 U.S. Dist. LEXIS 18320, at *5 (W.D. Pa. Feb. 1, 2021) (concluding that

although the restrictions imposed to curtail the spread of COVID-19 are not ideal, every prisoner

in the BOP facilities is subject to similar conditions and does not support special or unique

treatment to any one prisoner).  Newton's suggestion that the conditions are "punitive" is

---

[2]       The Sentencing Commission has identified the medical condition of a defendant as an
extraordinary and compelling reason under certain circumstances.  *See* 18 U.S.C. Appx. §
1B1.13, App. Note 1; *United States v. Pangelinan*, No. 17-483, 2020 U.S. Dist. LEXIS 121710,
at *4-5 (E.D. Pa. July 9, 2020) (denying the motion for compassionate release where there was
no evidence that the prisoner's medical conditions were not being appropriately managed).

therefore similarly without merit.  *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) ("To the extent that such [prison] conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society."); *United States v. Frezzell*, No. 17-0208, 2022 U.S. Dist. LEXIS 188716, at *14 (W.D. Pa. Oct. 17, 2022) (rejecting the inmate's claims that prison lockdown conditions warrant compassionate release because they have rendered sentences harsher and more punitive than intended).  Newton's alleged "fear of contracting COVID" is also insufficient to warrant compassionate release, especially where he refused the Pfizer vaccine.  *See United States v. Roeder*, 807 F. App'x 157, 161 n.16 (3d Cir. 2020) (holding that "the existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner within our Circuit"); *United States v. Slone*, No. 16-400, 2020 U.S. Dist. LEXIS 113586, at *1-2 (E.D. Pa. June 30, 2020) (holding that the defendant's fear of contracting COVID-19 in the close quarters of a federal prison does not warrant compassionate release); *United States v. Ortiz*, No. 5:18-cr-00264, 2021 U.S. Dist. LEXIS 72703, at *8 (E.D. Pa. Apr. 15, 2021) (concluding that "while a petitioner who declines a COVID vaccine is within his rights to refuse any treatment he wishes to forego, he cannot simultaneously claim that he must be released because of the risk of complications while refusing a vaccine that could virtually eliminate that risk").  Finally, Newton's alleged rehabilitation is not an extraordinary and compelling reason warranting compassionate release.  *See* 28 U.S.C. § 994(t); *United States v. Barndt*, No. 22-2548, 2022 U.S. App. LEXIS 32803, at *4 (3d Cir. Nov. 29, 2022) (holding that "the District Court correctly concluded, and the statute is clear that rehabilitation alone cannot constitute extraordinary and compelling grounds under § 3582").

        Because Newton has failed to even allege an extraordinary and compelling reason for

compassionate release, "it is not necessary for the Court to advance to the next step of the §

3582(c)(1)(A)(i) inquiry by assessing the application of the § 3553(a) factors and possible danger

to the community imposed." *See United States v. Hight*, 488 F. Supp. 3d 184 (E.D. Pa. 2020)

(finding no need to consider the sentencing factors because the inmate failed to present

extraordinary and compelling reasons justifying his immediate release).

## V.    CONCLUSION

Newton, who does not allege to suffer from any medical conditions, has completely

failed to provide an extraordinary and compelling reason for his release.  The harsher prison

conditions resulting from the coronavirus pandemic are not unique to Newton and therefore do

not support a reduction in sentence.  His Motion for Reduction of Sentence pursuant to 18 U.S.C.

§ 3582(c)(1)(A) is denied.

A separate Order follows.


BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge