UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | No. 5:19-cr-00061 |
| | : | |
| RAYQUAN KHALID NEWTON, | : | |
| Defendant. | : | |

**O R D E R**

**AND NOW,** this 5th day of December, 2022, for the reasons set forth in the Opinion issued this date, **IT IS HEREBY ORDERED THAT:**

1. The Motion for Reduction of Sentence, ECF No. 28, is **DENIED**.

2. The Motion for Appointment of Counsel, ECF No. 29, is **DENIED**.[1]

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[1] A defendant does not have a constitutional or statutory right to appointment of counsel when seeking compassionate relief. *See United States v. Dorsey*, No. 14-323-1, 2021 U.S. Dist. LEXIS 28178, at *3 (E.D. Pa. Feb. 16, 2021). However, several circuit courts have held that the court has discretion to appoint counsel in such cases. *See id.* The Third Circuit Court of Appeals has not established a standard for the appointment of counsel in compassionate release cases so this Court will consider the standard followed in deciding motions for counsel in other contexts. *See id.* When deciding whether to appoint counsel, the court first considers whether the claim has some arguable merit in fact and law. *See Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (listing additional factors and citing *Tabron v. Grace*, 6 F.3d 147, 155-57 (3d Cir. 1993)). *See also Gordon v. Gonzalez*, 232 Fed. Appx. 153, 156 n.4 (3d Cir. 2007); *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984). For the reasons explained in the Opinion, Newton's request for compassionate release completely lacks merit.